**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Spartanburg Sanitary Sewer District, Respondent,

v.

Randy P. Silver, Appellant.

Appellate Case No. 2010-155428

---

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

---

Unpublished Opinion No. 2013-UP-259
Submitted May 1, 2013 – Filed June 19, 2013

---

**AFFIRMED**

---

Reginald L. Foster, of Reginald L. Foster, PA, of Spartanburg, for Appellant.

Lawrence E. Flynn, Jr., of Lister, Flynn & Kelly, PA, of Spartanburg; and Norman Ward Lambert, of Harper Lambert & Brown, P.A., of Greenville, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Inlet Harbour v. S.C. Dep't of Parks, Rec. & Tourism*, 377 S.C. 86, 91, 659 S.E.2d 151, 154 (2008) ("In an action at equity, tried by a judge alone, an

appellate court may find facts in accordance with its own view of the preponderance of the evidence."); *Straight v. Goss*, 383 S.C. 180, 192, 678 S.E.2d 443, 449 (Ct. App. 2009) ("However, [appellate courts] are not required to disregard the findings of the trial [court] who saw and heard the witnesses and was in a better position to judge their credibility."); *Regions Bank v. Schmauch*, 354 S.C. 648, 674-75, 582 S.E.2d 432, 446 (Ct. App. 2003) ("Elements of equitable estoppel as to the party estopped are: (1) conduct by the party estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the true facts."); *id.* at 675, 582 S.E.2d at 446 ("Application of equitable estoppel does not require an intentional misrepresentation."); *S. Dev. Land & Golf Co., Ltd. v. S.C. Pub. Serv. Auth.*, 311 S.C. 29, 33, 426 S.E.2d 748, 751 (1993) ("Silence, when it is intended, or when it has the effect of misleading a party, may operate as equitable estoppel."); *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.,* 368 S.C. 342, 358, 628 S.E.2d 902, 911 (Ct. App. 2006) (providing estoppel by silence occurs when a party observes another acting in a manner inconsistent with his rights and "makes no objection while the other party changes his position based on the party's silence").

**AFFIRMED.**[1]

**FEW, CJ., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.